**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVE ANASTACIO COLON,<br><br>Petitioner,<br><br>v.<br><br>RONALD L. CHARLES,<br><br>Respondent. | Civil Action No. 26-10529 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Dave Anastacio Colon ("Petitioner") challenging his ongoing state court criminal proceedings. (ECF No. 1.) As Petitioner has paid the applicable filing fee, the Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

## I. BACKGROUND

Petitioner is a state pre-trial detainee currently detained in the Essex County Correctional Facility. (ECF No. 1 at 1.) According to Petitioner, he was arrested over two years ago on unspecified criminal charges, and then indicted on felony criminal charges in New Jersey state court approximately one year ago. (*Id.* at 6.) In the last year, Petitioner filed several motions alleging ineffective assistance of counsel, speedy trial act violations, and due process violations,

which the state court has declined to consider as they were filed pro se despite Petitioner having a court appointed attorney and being subject to psychiatric evaluations. (*Id.*) Petitioner now seeks to have this Court intervene in his ongoing criminal case at the pre-trial stage, despite never having his current claims addressed on the merits by any state court. (*Id.*)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

Petitioner seeks to collaterally attack his ongoing criminal prosecution in state court based on alleged Due Process, ineffective assistance of counsel, and speedy trial violations. As Petitioner's claims were never heard on the merits by the state courts, these claims have not been exhausted, and Petitioner's current habeas petition is thus an attempt to have this Court intervene in state criminal proceedings which have yet to run their proper course through the pre-emptive raising of federal constitutional defenses in a habeas proceeding.

Although § 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees, "that jurisdiction must be exercised sparingly in order

to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has thus held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses in federal court prior to a state court criminal trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner seeks to pre-emptively raise federal constitutional issues related to his ongoing criminal prosecution in this Court without first exhausting those claims on the merits in state court. Petitioner, however, has presented no extraordinary circumstances which would warrant such an intrusion in his state court proceedings without first requiring him to exhaust his claims. Instead, Petitioner merely seeks to pre-emptively raise defenses to his prosecution in this Court rather than first press them in his state court proceedings as he is required to do. Because Petitioner has shown no extraordinary circumstances and has not exhausted his claims, this Court is required to decline to exercise jurisdiction in this matter and may not interfere in Petitioner's state court criminal proceedings at this time. *Id.* Petitioner's habeas petition must therefore be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas petition challenges detention which "arises out of process issued by a state court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n.3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2026